HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NOP 1001 FOURTH, LLC,

    Plaintiff,

    v.

NCM CONTRACTING GROUP, LP, *et al.*,

    Defendants.

Case No. 16-1027-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant SafeWorks, LLC's ("SafeWorks") Motion to Dismiss. Dkt. # 21. For the following reasons, the Court **GRANTS in part** and **DENIES in part** SafeWorks' motion.

## II. BACKGROUND

The Court describes the facts as Plaintiff NOP 1001 Fourth, LLC ("NOP") alleges them in its First Amended Complaint (Dkt. # 10-1), expressing no opinion on whether those allegations will prove true.

NOP is the owner of the Safeco Plaza Building in downtown Seattle. ¶ 2.1. NOP hired Defendant NCM Contracting Group, LP ("NCM") to perform asbestos remediation work in one of the building's elevator shafts. ¶ 2.2. To facilitate this project, NCM hired SafeWorks to provide a "manlift system" that would enable NCM employees to travel among floors in the elevator shaft. *Id.* SafeWorks inspected the elevator shaft and recommended the Spider Basket Lift System, the name of which refers to one of

ORDER – 1

SafeWorks' brands, Spider Staging. ¶¶ 1.5, 2.10. Using parts bearing the Spider brand name, SafeWorks designed and manufactured the lift system for NCM. ¶¶ 2.10, 2.11.

On December 23, 2014, NCM was working in the elevator shaft when a pipe broke and caused approximately $3.3 million in water damage. ¶ 2.25. At the time, NCM maintained sole control of the worksite. ¶ 2.2. The accident, however, was caused by a six hundred foot electrical cable suspended in part underneath the manlift system manufactured by SafeWorks. ¶¶ 2.3, 2.7. As NCM was using the lift to travel between the 34th and 47th floors, the cable became ensnared around a two-inch pipe, pulling the pipe upwards and breaking it. ¶¶ 2.3, 2.6. The hazard posed by the hanging electrical cord should have been discovered by NCM or SafeWorks had they diligently inspected the elevator shaft. ¶ 2.9. Given this hazard, SafeWorks should not have selected, designed, manufactured, and supplied the Spider Basket Lift System. ¶ 2.13. At a minimum, SafeWorks should have provided sufficient warnings and instructions that would have mitigated the risk posed by the hanging cord. *Id.* The hanging cord was an unsafe design defect that caused the accident and ensuing water damage. ¶ 2.14.

On July 1, 2016, NOP filed this action against NCM and other entities involved in the project. Dkt. # 1. On November 17, 2016, NOP amended the complaint to name SafeWorks as a defendant. Dkt. # 6. On December 19, 2016, NOP submitted a corrected amended complaint, which is the operative complaint before the Court. Dkt. # 10-1. NOP alleges claims against SafeWorks for (1) negligence, (2) trespass, (3) waste, and (4) violations of Washington's Products Liability Act, RCW 7.72.010, *et seq.* SafeWorks moves to dismiss NOP's claims. Dkt. # 21. NOP opposes the motion. Dkt. # 24.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss a complaint for failure to state a claim. The rule requires the Court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The Court "need not

ORDER – 2

accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV. DISCUSSION

### A. Claims for Violations of the Product Liability Act

SafeWorks contends that the Court should dismiss NOP's product liability claims because the manlift is not a "product" within the meaning of the Product Liability Act. According to SafeWorks, its work in providing the manlift qualifies as "construction services," which cannot give rise to a product liability claim. NOP contends that the manlift and the components that it comprises are actionable products.

The term "'[p]roduct' means any object possessing intrinsic value, capable of delivery either as an assembled whole or as a component part or parts, and produced for introduction into trade or commerce." RCW 7.72.010(3). "Construction services are not products for purposes of the Product Liability Act." *Garza v. McCain Foods, Inc.*, 103 P.3d 848, 852 (Wash. Ct. App. 2004).

NOP alleges that SafeWorks "marketed its manlift components and manlift systems under the 'Spider' brand name and trademark." ¶ 2.10. NOP also alleges that SafeWorks "designed and manufactured the basket, the controls, the electrical box, the motor, brackets, and clamps . . . , and also the Spider Basket Lift System of which the Spider Component Parts were each a component part. Spider's brand name was displayed prominently on each of the Spider Component Parts." ¶ 2.11.

Assuming, as the Court must, that these allegations are true and crediting all reasonable inferences arising from those allegations, it is plausible to infer that the

ORDER – 3

manlift at issue in this case is a product within the meaning of the Products Liability Act. NOP alleges that SafeWorks marketed the manlift and component parts under its Spider Staging brand. ¶¶ 2.10, 2.11. These allegations give rise to the plausible inference that the manlift supplied by SafeWorks was "produced for introduction into trade or commerce." RCW 7.72.010(3). SafeWorks' primary legal authority for the proposition that its manlift is not a product is *Garza*, 103 P.3d 848. In *Garza*, the Washington Court of Appeals concluded that certain renovation and installation work on a conveyor system could not give rise to a products liability claim. *Id.* at 853. But that case was decided on summary judgment, not under the far more lenient standard that applies when analyzing a motion to dismiss under Rule 12(b)(6). Under the lenient standard that guides the Court's analysis, NOP has alleged that the manlift is an actionable product. The Court **DENIES** SafeWorks' motion with respect to NOP's product liability claims.

**B.    Trespass**

SafeWorks contends that NOP has failed to state a claim for intentional trespass and that a claim for negligent trespass is subsumed in NOP's negligence claim. NOP contends that its allegations are sufficient to support a trespass claim.

"To establish intentional trespass, a plaintiff must show (1) an invasion of property affecting an interest in exclusive possession; (2) an intentional act; (3) reasonable foreseeability that the act would disturb the plaintiff's possessory interest; and (4) actual and substantial damages." *Wallace v. Lewis Cty.*, 137 P.3d 101, 108 (Wash. Ct. App. 2006). "The element of intent requires proof that the actor 'desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it.'" *Jackass Mt. Ranch, Inc. v. S. Columbia Basin Irr. Dist.*, 305 P.3d 1108, 1122 (Wash. Ct. App. 2013) (quoting *Seal v. Naches-Selah Irr. Dist.*, 751 P.2d 873 (Wash. Ct. App. 1988)).

NOP's complaint does not state a claim for intentional trespass because it is not plausible to infer from the facts alleged that SafeWorks knew with substantial certainty

ORDER – 4

that the electrical cord would snag a pipe and cause water damage to the building. NOP alleges that SafeWorks disregarded a risk of property damage in designing the manlift, but this and other similar allegations sound in negligence, not intentional trespass. Accordingly, the Court **DISMISSES** NOP's claim for intentional trespass.

The Court also **DISMISSES** NOP's claim for negligent trespass. Where a plaintiff alleges a claim for negligent trespass in addition to a claim for general negligence, courts treat those claims as one and the same. *Hurley v. Port Blakely Tree Farms L.P.*, 332 P.3d 469, 479 (Wash. Ct. App. 2014) (affirming trial court's decision to dismiss negligent trespass claim as duplicative of negligence claim); *Pruitt v. Douglas Cty.*, 66 P.3d 1111, 1115 (Wash. Ct. App. 2003) ("We treat claims for trespass and negligence arising from a single set of facts as a single negligence claim.").

### C. Waste

SafeWorks contends that NOP fails to state a claim for waste. NOP contends that its allegations are sufficient because SafeWorks had a right of possession to the building when it inspected the elevator shaft before designing the manlift.

A claim for waste exists to redress "an unreasonable or improper use, abuse, mismanagement, or omission of duty touching real estate by one rightfully in possession which results in its substantial injury." *Graffell v. Honeysuckle*, 191 P.2d 858, 863 (Wash. 1948). There are two types of waste, voluntary and permissive:

> Voluntary waste . . . consists of the commission of some deliberate or voluntary destructive act. . . . Permissive waste implies negligence or omission to do that which will prevent injury, as, for instance, to suffer a house to go to decay for want of repair or to deteriorate from neglect.

*Id.*

For the same reasons that NOP fails to state a claim for intentional trespass, NOP's complaint does not state a claim for voluntary waste, which requires a level of intent unsupported by NOP's allegations. A claim for permissive waste also cannot be sustained, as it is duplicative of NOP's general negligence claim. The Court

ORDER – 5

**DISMISSES** NOP's claim for waste.

### D. Negligence

SafeWorks contends that NOP's negligence claim should be dismissed because the complaint does not allege negligent work or that the water damage was reasonably foreseeable. NOP directs the Court to its allegations detailing SafeWorks oversights and unreasonable design decisions in providing the manlift.

To establish a claim for negligence, "a plaintiff must establish: (1) the existence of a duty owed to the complaining party; (2) a breach of that duty; (3) a resulting injury; and (4) that the claimed breach was the proximate cause of the injury." *Hansen v. Friend*, 824 P.2d 483, 485 (Wash. 1992).

NOP has alleged facts that meet the elements necessary to establish a claim for negligence. First, NOP alleges that SafeWorks owed it a duty of care independent from any contract governing their relationship. ¶ 11.2. Second, it alleges that SafeWorks made unreasonable design choices, ignored foreseeable risks, and failed to provide adequate warnings—it is plausible to infer from these allegations that SafeWorks breached its duty of care. ¶ 2.13. Third and fourth, NOP alleges that SafeWorks' careless conduct caused the pipe to break and cause property damage—these allegations are sufficient to meet the injury and proximate cause elements. ¶ 2.14. The Court **DENIES** SafeWorks' motion to dismiss as it pertains to NOP's negligence claim.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** SafeWorks' Motion to Dismiss. Dkt. # 21.

DATED this 10th day of July, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6